IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01761-WYD-MEH

WILLIAM SHELTON,

      Plaintiff,

v.

COURTYARD MANAGEMENT CORPORATION, a Delaware corporation, and
COLORADO SNOW SERVICES, LLC, a Division of ENRIGHT COMPANIES, LLC, both
Colorado corporations,

      Defendants.

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ORDER REQUIRING COST BOND

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant Colorado Snow Services, LLC's Motion for Order Requiring Cost Bond [filed July 24, 2009; docket #6]. For the reasons below, the Court **DENIES WITHOUT PREJUDICE** the Motion.

Plaintiff initially brought this lawsuit in Denver County District Court. Defendant Courtyard Management Corporation removed the case to this Court on July 24, 2009. (Docket #1.) Defendant Colorado Snow Services, LLC filed the Motion for Order Requiring Cost Bond during this matter's brief pendency in Denver County District Court. In the Motion, Defendant Colorado Snow Services, LLC asserts Sections 13-16-101 and 102 of the Colorado Revised Statutes require Plaintiff, as a non-resident of Colorado, to file a cost bond. (Docket #1-16 at 1.)

Section 13-16-102 of the Colorado Revised Statutes does not apply in federal court. *Hartnett v. Catholic Health Initiatives Mountain Region*, 47 F. Supp. 2d 1255, 1256 (D. Colo. 1999). "Colorado's cost bond statute is procedural in nature and the policies underlying *Erie R.R. Co. v.*

*Tompkins,* 304 U.S. 64 (1938), do not militate toward applying that statute in federal court." *Id*. (citations omitted).  However, the Tenth Circuit determined that "the decision whether to require a pre-judgment cost bond in federal court is within the trial court's discretion." *Id*. (citing *Paramount Film Distrib. Corp. v. Civic Center Theatre*, 333 F.2d 358, 362 (10th Cir. 1964)).  In concluding whether to require a cost bond, the Court may consider three factors: "(1) the merits of plaintiffs' claims; (2) the ability or willingness of plaintiffs to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial." *Id*. (citing *Piallat v. Replogle*, 125 F.R.D. 165, 166 (D. Colo. 1989)).

Here, Defendant Colorado Snow Services, LLC mentions that substantial costs might be incurred during preparation for trial, but presents no showing regarding the merits of Plaintiff's claims, nor describes any ability (or inability) of Plaintiff to pay costs should costs be awarded.  Plaintiff aptly points out these shortcomings in Defendant's Motion, but Defendant failed to reply to Plaintiff's response.  Thus, the Court, in its discretion, believes Defendant Colorado Snow Services, LLC does not state a compelling claim for the posting of a cost bond.

Accordingly, Defendant Colorado Snow Services, LLC's Motion for Order Requiring Cost Bond [filed July 24, 2009; docket #6] is **DENIED WITHOUT PREJUDICE**.

Dated at Denver, Colorado, this 3rd day of September, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge